**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**MISCELLANEOUS ACTION NO. 3:08MC-30-R**

DANIEL COBBLE                                                                    PETITIONER

v.

UNITED STATES                                                                    RESPONDENT

### MEMORANDUM OPINION

The instant action arises out of a petition Daniel Cobble filed asking the Chief Judge of

the United States District Court, Western District of Kentucky, to intervene in his civil action,

*Cobble v. United States*, No. 3:08CV-123-ART.  By way of background, in the civil action,

Judge Amul R. Thapar dismissed count two of Cobble's complaint and transferred count one of

the complaint to the Federal Court of Claims.  Cobble then filed his petition seeking

intervention.  In his petition, Cobble states:

> My perfect claim in 3:08CV-123 must be ratified for payment by the U.S. and my
> record expunged.  This is the law.  It is shown, here, that Washington wants nothing
> to do with how Louisville officials are handling the situation.  For, things never
> should have gone this far, and needless to say, this must spill-over into the current
> trumped-up criminal case.  I ask that you and Judge Simpson put a stop to this mess,
> since things will be bad enough when my claim is paid.  We have a chance to
> minimize damage to the Court.  Please ratify my claim so we can get on with our
> lives.

Cobble's petition was originally filed in Civil Action No. 3:08CV-123-ART.  However,

upon review, Judge Thapar ordered that the petition be opened as a miscellaneous action and

assigned to the Chief Judge of the Western District of Kentucky.  Shortly thereafter, Cobble filed

another similar document in Civil Action No. 3:08CV-123-ART.  That document is entitled

"Petition to Chief Judge Heyburn to Reverse an Improper Ruling."  In the motion, Cobble

complains that Judge Thapar should not have transferred Cobble's prior motion to this Court. Cobble then goes on to explain why he believes Judge Thapar improperly adjudicated the main action. Upon review, Judge Thapar ordered the Clerk of Court to remove the petition from the active docket in Civil Action No. 3:08CV-123-ART and file it in this miscellaneous action.

The Court will first explain why this action was assigned to the undersigned instead of to Judge John G. Heyburn II. Effective December 1, 2008, the undersigned, Judge Thomas B. Russell, succeeded Judge John G. Heyburn II as the Chief Judge for the United States District Court, Western District of Kentucky. *See* 28 U.S.C. § 136. Accordingly, Cobble's original petition seeking intervention by the Chief Judge of the Western District of Kentucky was appropriately assigned to the undersigned.

The Court will now turn to Cobble's request that the Chief Judge of the Western District of Kentucky intervene in Civil Action No. 3:08CV-123-ART and disturb Judge Thapar's rulings in that case. Cobble maintains that the Chief Judge of the Western District of Kentucky has precedence over all other presiding judges in this district by virtue of "*18* U.S.C. § 136(b)." The Court presumes Cobble means *28* U.S.C. 136(b).[1] This statute pertains to the appointment and duties of chief judges. It provides:

**§ 136.  Chief judges; precedence of district judges**

(a) (1) In any district having more than one district judge, the chief judge of the district shall be the district judge in regular active service who is senior in commission of those judges who--
    (A) are sixty-four years of age or under;

---

[1]Title 18, Section 136 was a criminal statute that dealt with forging, counterfeiting, or falsely altering certificates of discharge from military or naval service. *See United States v. Peppa*, 13 F. Supp. 669, 672 (D. Cal. 1936). It was revised on June 25, 1948, and incorporated into another section of the criminal code, 18 U.S.C. § 498.

2

(B) have served for one year or more as a district judge; and

(C) have not served previously as chief judge.

(2) (A) In any case in which no district judge meets the qualifications of paragraph (1), the youngest district judge in regular active service who is sixty-five years of age or over and who has served as district judge for one year or more shall act as the chief judge.

(B) In any case under subparagraph (A) in which there is no district judge in regular active service who has served as a district judge for one year or more, the district judge in regular active service who is senior in commission and who has not served previously as chief judge shall act as the chief judge.

(3) (A) Except as provided in subparagraph (C), the chief judge of the district appointed under paragraph (1) shall serve for a term of seven years and shall serve after expiration of such term until another judge is eligible under paragraph (1) to serve as chief judge of the district.

(B) Except as provided in subparagraph (C), a district judge acting as chief judge under subparagraph (A) or (B) of paragraph (2) shall serve until a judge has been appointed who meets the qualifications under paragraph (1).

(C) No district judge may serve or act as chief judge of the district after attaining the age of seventy years unless no other district judge is qualified to serve as chief judge of the district under paragraph (1) or is qualified to act as chief judge under paragraph (2).

(b) The chief judge shall have precedence and preside at any session which he attends.

Other district judges shall have precedence and preside according to the seniority of their commissions. Judges whose commissions bear the same date shall have precedence according to seniority in age.

(c) A judge whose commission extends over more than one district shall be junior to all district judges except in the district in which he resided at the time he entered upon the duties of his office.

(d) If the chief judge desires to be relieved of his duties as chief judge while retaining his active status as district judge, he may so certify to the Chief Justice of the United States, and thereafter, the chief judge of the district shall be such other district judge who is qualified to serve or act as chief judge under subsection (a).

(e) If a chief judge is temporarily unable to perform his duties as such, they shall be performed by the district judge in active service, present in the district and able and qualified to act, who is next in precedence.

28 U.S.C. § 136.

3

This section does not confer upon a chief judge the authority to disturb or alter the decisions of other district court judges. *See, e.g.*, *In re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997) ("[T]he chief judge cannot sit as a quasi-appellate court and review the decisions of other judges in the district . . ."); *Dhalluin v. McKibben*, 682 F. Supp. 1096, 1097 (D. Nev. 1988) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."); *United States v. Heath*, 103 F. Supp. 1, 2 (D. Haw. 1952) (" No express or implied power is granted a chief judge to affect administratively, directly or indirectly, litigation assigned to and pending before another judge of the court."). Additionally, "the business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court." 28 U.S.C. § 137. "Inherent in this statutory directive is the notion that a party may not have his case heard by a judge of his choosing." *See Brown v. United States*, 116 F. App'x 526, 527 (5th Cir. Tex. 2004) (citing *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir. 1983)). Thus, there is no authority for the undersigned or any other federal district court judge to intervene in Cobble's main action, Civil Action No. 3:08CV-123-ART. If Cobble is dissatisfied with Judge Thapar's rulings, his remedy is to appeal to the Sixth Circuit.

Finally, while Cobble has not moved to disqualify the undersigned from taking action in this matter, he has averred that disqualification is in order because the undersigned presided over Cobble's federal criminal trial. Recusal is committed to the sound discretion of the district court before whom the matter is pending. *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, it is proper for the challenged judge to rule on the recusal. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169 (6th Cir. Oct. 15, 1992); *see also Easley v.*

4

*Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988).  The undersigned is not a party to this action.  As such, recusal is not mandatory.  Moreover, the fact that the undersigned presided over Cobble's criminal trial is not a valid basis for recusal.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).  The Court is convinced that there is no valid basis for recusal of the undersigned judge from this miscellaneous action.[2]

As the undersigned does not have the authority to disturb Judge Thapar rulings in Cobble's main action,  Civil Action No. 3:08CV-123-ART, the Court will dismiss this miscellaneous action for lack of subject-matter jurisdiction.

Date:

cc:      Petitioner, *pro se*

4413.008

---

[2]The undersigned observes that he did recuse himself from the main action, Civil Action No. 3:08CV-123-ART.  In this action, Cobble requests intervention by the Chief Judge, who also happens to be the same judge that presided over Cobble's criminal trial.  As there is no authority for the Chief Judge, whomever that may be, to intervene in an action pending before another judge, there are no "disputed evidentiary facts concerning [this miscellaneous action]," and no basis for mandatory recusal.  *See* 28 U.S.C. § 455.

5